UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

ESTHER M. WEINSTEIN,

    Plaintiff,

-v-                                    No. 11 Civ. 9522 (LTS)

BUREAU OF ACCOUNTS CONTROL, INC.,

    Defendant.

------------------------------------------------------x

## ORDER

Esther M. Weinstein ("Plaintiff") brings this action against Bureau of Accounts Control, Inc. ("Defendant"), alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. Defendant has moved to transfer this action to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). For the following reasons, Defendant's motion is granted.

Plaintiff's cause of action is based on a voice mail message that Defendant allegedly left on an answering machine in an effort to collect a debt from Plaintiff and which led to the disclosure of confidential information to one or more third parties, as well as to Plaintiff's embarrassment and harassment. Defendant has represented, without challenge from Plaintiff, that the call was made to a telephone number with a New Jersey area code, that Plaintiff had indicated to Defendant only seven days before the call that she preferred to be contacted at that telephone number, which was her home telephone number, and that Plaintiff confirmed to Defendant that her home was in New Jersey. Defendant represents that its sole office is in New Jersey and that all of the potential witnesses it may call to testify are located in New Jersey.

According to the complaint, Plaintiff currently resides in Monsey, New York. Although Plaintiff has responded to the instant motion with a letter stating that she "continues to assert that venue is proper in the Southern District of New York, she presently does not intend to submit an opposition to said motion, and instead will rely on the Court's discretion." (Docket entry no. 14.)

When an action is filed laying venue in the wrong division or district, the district court must dismiss the action or transfer it to any district or division in which it could have been brought, pursuant to 28 U.S.C. § 1406. The district court may also transfer an action, even when the district of filing is an otherwise proper venue, pursuant to 28 U.S.C. § 1404. Here, Defendant does not challenge Plaintiff's assertion that venue is proper in the Southern District of New York and, therefore, section 1406 does not apply. The Court evaluates Defendant's motion under section 1404. Plaintiff does not challenge Defendant's assertion that this action could have been brought originally in the District of New Jersey.

A court has discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404(a) (West 2006). Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks and alteration omitted). The moving party has the burden of showing by clear and convincing evidence that the balance of convenience favors transfer. Id. at 114.

Here, the locus of operative facts is New Jersey: the alleged telephone call that gave rise to this action was made on behalf of a New Jersey corporation to a New Jersey telephone number, belonging to an individual who, seven days earlier, identified New Jersey as her home address. Further, Defendant's potential witnesses are located in New Jersey, and Plaintiff has not indicated where any of her potential non-party witnesses reside. The only connections to New York and this judicial district are the Complaint's identification of Monsey, New York, as Plaintiff's current city of residence and the Plaintiff's choice to file the action in this district. These connections are outweighed by the factors favoring New Jersey as the appropriate venue for this action, including the convenience of the witnesses, the convenience of the Defendant, and the locus of operative facts.

For the foregoing reasons, Defendant's motion to transfer venue is granted and the Clerk of Court is respectfully directed to transfer the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

This motion resolves docket entry number 9.

SO ORDERED.

Dated: New York, New York
May 18, 2012

LAURA TAYLOR SWAIN
United States District Judge